[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13739
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:10-cv-01111-RBD-MCR

IRA JOHNSON,

                                                      Plaintiff-Appellant,

                              versus

NATIONAL RAILROAD PASSENGER
CORPORATION, AMTRAK,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 10, 2012)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

    Ira Johnson appeals the dismissal with prejudice of his complaint to vacate

an arbitration award entered by the Public Law Board in favor of Johnson's former employer, the National Railroad Passenger Corporation ("Amtrak"). The district court ruled that Johnson failed to plead a cognizable ground on which to vacate the decision of the Board. We affirm.

We review de novo the dismissal of a complaint for failure to state a claim, accept as true the facts alleged in the complaint, and construe the facts in the favor of the plaintiff. Bhd. of Locomotive Eng'rs v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008). To avoid dismissal, the plaintiff must make "[f]actual allegations . . . enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

A district court may vacate an arbitration award in three narrowly defined circumstances, one of which is the failure of the Board "to conform, or confine itself, to matters within the scope of [its] jurisdiction." 45 U.S.C. § 153(q). The Board exceeds its jurisdiction by entering an award that is irrational. Loveless v. E. Air Lines, Inc., 681 F.2d 1272, 1276 (11th Cir. 1982). In other words, "the reasoning [of the award must be] so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." Safeway Stores v. Am. Bakery and Confectionery Workers Int'l Union, 390 F.2d 79, 82 (5th Cir. 1968).

Johnson failed to state a plausible claim that the arbitration award was

irrational.  The Board affirmed the decision of Amtrak to fire Johnson based on testimony from Johnson's coworkers that Johnson uttered offensive and profane comments that were overheard by passengers and that intimidated one of his coworkers.  Johnson complained that the award was irrational because it disregarded the progressive discipline policy adopted by Amtrak, but the disciplinary policy provided that, "for more serious offenses, [the] progression [of punishment] may start at" dismissal.  The district court did not err when it granted the motion of Amtrak to dismiss Johnson's complaint.

Johnson challenges the disposition of his complaint on two grounds, but both arguments are frivolous.  First, Johnson argues that the district court considered exhibits to the pleadings and should have converted the motion filed by Amtrak into a motion for summary judgment, but Johnson "agrees that the records of the arbitration could be considered on a motion to dismiss."  See Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1232 (11th Cir. 2010).  Second, Johnson argues that the district court violated his right of due process by failing to acquire the entire record, but Johnson fails to identify what documents were omitted or to provide a substantive discussion of the issue in his brief.  See Fed. R. App. P. 28(a)(9).

We **AFFIRM** the dismissal of Johnson's complaint.